UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


DAPHNE SINGINGTREE,

    Plaintiff,

v.

COMMISSIONER,
Social Security Administration,

    Defendant.

Civil No. 06-1253-PK

OPINION AND ORDER

HAGGERTY, Chief Judge:

    Magistrate Judge Papak issued a Findings and Recommendation [16] in this action that recommended that the Commissioner's final decision should be affirmed and that this case should be dismissed with prejudice.

Plaintiff has filed objections to the Findings and Recommendation. When a party objects to any portion of a Magistrate's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate's report. 28 U.S.C. § 636(b)(1)(B); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981).

The objections were filed in a timely manner. The court has given the file of this case a *de novo* review, and has also carefully evaluated the Magistrate's Findings and Recommendations, the objections, and the entire record. Magistrate Judge Papak provided a thorough analysis of the facts and circumstances presented, and this analysis need not be repeated here.

## ANALYSIS

Plaintiff advances seven objections, asserting that the Findings and Recommendation should be rejected and that either the Commissioner should award benefits or plaintiff's benefits application should be remanded to the Commissioner for further proceedings. Defendant waived the opportunity to provide the court with the benefit of responsive briefing. For the following reasons, plaintiff's objections are sustained in part and overruled in part.

1. Examining Psychologist

Plaintiff's first objection is directed against the Findings and Recommendation's conclusion that the "ALJ's omission of Dr. McConochie's statement that [plaintiff] may not be able to manage funds was based upon the correct legal standards." Findings and Recommendation at 7. This conclusion was reached in reliance upon the fact that the ALJ had appropriately rejected plaintiff's credibility and so was not required to rely upon medical opinions

predicated upon her reports. *Id.* (citing *Tonapetayn v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001)).

Plaintiff challenges the ALJ's credibility determination in general and specifically as it pertains to plaintiff's mathematical limitations. That challenge is analyzed below. Moreover, plaintiff complains that the Findings and Recommendation errs in relying upon plaintiff's credibility determination for disregarding Dr. McConochie's statement that plaintiff may not be able to manage funds. Plaintiff asserts that because the ALJ never expressed that plaintiff's credibility, or any other reason, served as the basis for not commenting upon the psychologist's "money management" observation, the Findings and Recommendation errs by providing a *post hoc* rationale not relied upon by the ALJ.

The scope of plaintiff's difficulties pertaining to money management is impossible to ascertain from the record as presented. While Dr. McConochie's "overall conclusions" were that plaintiff "does not appear to have any major psychological limitations to work activity," he also referenced in these conclusions a report from plaintiff that she is unable to manage money responsibly. Tr. 207. He followed this reference with a formal statement reflecting his own opinion: plaintiff is not "capable of handling such funds as might be granted by the Social Security Administration." Tr. 208.

Although the ALJ's views of plaintiff's credibility were mixed (discussed below), it would be disingenuous to extrapolate from those views a rationalization for the ALJ's omission regarding Dr. McConochie's concerns about plaintiff's abilities to be fiscally responsible. In light of the doctor's subsequent formal statement expressing those concerns as his own medical opinion, dismissing those concerns as compromised by the ALJ's view of plaintiff's credibility is

inappropriate. This matter must be remanded for proceedings that include further consideration of plaintiff's abilities to be fiscally responsible.

2.Treating Physician Opinions

Next, plaintiff objects to the Findings and Recommendation's conclusion that the ALJ considered Dr. Erik Fisher's opinion adequately, and that the ALJ's analysis was consistent with Dr. Fisher's January and March 2005 clinical reports. Findings and Recommendation at 7.

Plaintiff contends that the "[M]agistrate [J]udge finds it sufficient that the ALJ *summarized Dr. Fisher's treatment notes*, and then did nothing more." Obj. at 2 (emphasis in the original). Plaintiff argues that the ALJ must do more than summarize treatment notes, and is required to "explain how the limitations and conditions described in the evidence are accounted for in the ALJ's own residual functional capacity determination." *Id*. at 8.

Plaintiff's objection here focuses upon the following paragraph in the Findings and Recommendation:

> This court finds the ALJ's summary of Dr. Fisher's notes was appropriate and based upon the record. [Plaintiff's] contention that the ALJ "ignored" Dr. Fisher's report that her bipolar disorder may be exacerbated by stress is not supported by the record. The ALJ's analysis of Dr. Fisher's notes should be affirmed.

Findings and Recommendation at 8.

Plaintiff mischaracterizes this recommendation as a statement that the ALJ's analysis of Dr. Fisher's observations can be construed as a "summary." Plaintiff's initial objection was that the ALJ "ignored" Dr. Fisher's report about plaintiff's bi-polar condition. Pls. Opening Brief at 20 ("The ALJ also erred by ignoring Dr. Fisher's report . . . . On this basis, too, the court should reverse and remand for an award of benefits").

Conversely, this objection targets the Findings and Recommendation's acknowledgment that the ALJ addressed the report from Dr. Fisher that plaintiff had contended previously was ignored. Plaintiff criticizes the reference that the ALJ "summarized" Dr. Fisher's findings and contends that the ALJ failed to fully "consider" Dr. Fisher's finding that plaintiff's bipolar disorder is exacerbated by stress. Pls. Obj. at 3.

The ALJ's evaluation of Dr. Fisher's report was accurate and complete. Although the ALJ did not reach the conclusion plaintiff desired, the ALJ considered Dr. Fisher's reports, acknowledged that plaintiff's bipolar condition is exacerbated by stress, but concluded (based on these reports) that plaintiff's "mental functioning was actually pretty good." Tr. 16 (citation omitted). While plaintiff's specific objection is overruled, plaintiff and the ALJ are free to expand upon these concerns during further proceedings that will occur following remand.

3. Plaintiff's Testimony

Next, plaintiff objects to the ALJ's reasons for rejecting plaintiff's testimony regarding the necessity of her rest breaks (daytime naps). The Findings and Recommendation reasoned that plaintiff's "napping could be either compatible or incompatible with both her activities of daily living and employment." Findings and Recommendation at 10.

Ultimately, the Findings and Recommendation affirmed the ALJ's ruling that plaintiff's self-described limitations contradicted the evidence of her activities of daily living, in accordance with the Ninth Circuit's teaching to "uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Id*. (quoting *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005); other citation omitted).

5 - OPINION AND ORDER

Plaintiff contends that declaring the ALJ's conclusions regarding credibility "reasonable" is insufficient – discounting a claimant's testimony "is, in essence, calling that claimant a liar and a fraud" and the "standard for proving the untruth of the claimant's assertions is very high." Obj. at 3-4.

The Findings and Recommendation referred to the standard for accepting an ALJ's decision when the evidence presented is susceptible to more than one rational interpretation. That standard, however, was *not* applied to the credibility evaluation itself. The Findings and Recommendation properly evaluated and accepted the ALJ's determinations regarding plaintiff's credibility. Although this objection, as presented, is overruled, the parties should elicit plaintiff's testimony in the proceedings that follow remand, and undertake an evaluation of that testimony as it pertains to her limitations and employability.

4. <u>Evidence of Leg Elevation</u>

Next, plaintiff objects to the Findings and Recommendation's conclusion that the "ALJ's finding that [plaintiff] does not have an ongoing condition requiring elevation of her legs is based upon the record." Findings and Recommendation at 11. In so concluding, the Findings and Recommendation noted that plaintiff's Opening Brief failed to indicate how often plaintiff must elevate her legs. *Id.* (citing Pl. Opening Br. at 19).

This objection misinterprets the Findings and Recommendation as suggesting that "the [M]agistrate [J]udge concludes that Plaintiff offered no evidence of the need to elevate her legs on a regular basis." Obj. at 4.

However, the Findings and Recommendation referred explicitly to the "ALJ's subsequent rejection of her related testimony" regarding her leg elevation. Findings and Recommendation at

11. The Findings and Recommendation properly evaluated the record as it pertains to the ALJ's consideration of the evidence regarding plaintiff's leg elevation issues. Plaintiff may attempt to develop evidence regarding her medical conditions following remand.

5. "Bad Day" Evidence

Plaintiff also objects to the Findings and Recommendation's conclusion that plaintiff's "submission regarding her 'bad days' is unsupported by her own testimony and therefore fails." Findings and Recommendation at 12. Plaintiff refers to the "first full paragraph" of page 11 of her Opening Brief as "summarizing" her evidence of "bad days" and criticizes the Magistrate Judge for "overlooking" this summary:

> Plaintiff would like to take more online college classes, but because of her lack of energy and focus, she is able to take only one course at a time. Plaintiff would not be able to go to school 5 days per week even for 6 hours per day. She does not have that much stamina. (Tr. 329.) Even taking just one class per term, Plaintiff has about 2 days per month when her health problems cause her to lose an entire day in terms of doing her class. In the most recent year prior to the hearing, it would have been more like 4 or 5 days per month, because the cellulitis had flared up more. (Tr. 331.)

Plaintiff's hearing testimony regarding her "bad days" does support her assertion that she is compelled to miss up to five days a month because of her health issues. This testimony avers that plaintiff could not attend school for five days a week at six hours per day, Tr. 329, and more specifically, that her health problems cause her to "lose a whole day" at least "[a] couple times a month," and even four or five times a month in the year preceding her hearing. Tr. 331. The Findings and Recommendation errs in concluding that plaintiff "did not state that these [bad] days occur two or more times per month," and that her "'bad days' [allegation] is unsupported by

7 - OPINION AND ORDER

her own testimony." Findings and Recommendation at 12. Following remand, the parties shall elicit plaintiff's testimony regarding her health-related limitations, the impact of her health problems on her daily activities, and her possible employability in light of her limitations.

6.   Lay Witness Testimony

Next, plaintiff objects that "the [M]agistrate [J]udge ignores Plaintiff's arguments" regarding the ALJ's evaluation of lay testimony. Plaintiff complains that "other than on the issue of memory impairment, the ALJ did not explicitly reject any of the lay witness testimony."

Plaintiff argues that because the ALJ failed to reject lay witness Van De Water's statements explicitly, this court should either credit that testimony as a matter of law and "reverse the ALJ's decision and order an award of benefits" or "reverse and remand with instructions for the ALJ either to include the described limitations in a proper residual functional capacity finding, or to provide legally appropriate reasons for refusing to include the described limitations." Plaintiff presents no legal authorities for the contention that lay testimony that is not rejected explicitly must be credited as true.

In determining a claimant's possible disability, an ALJ must consider lay witness testimony when it is presented. 20 C.F.R. §§ 404.1513(d)(4) & (e), 416.913(d)(4) & (e); *see also Stout v. Commissioner*, 454 F.3d 1050, 1053 (9th Cir. 2006), (citing *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)). Lay testimony as to a claimant's symptoms or how an impairment affects a person is considered competent evidence and cannot be disregarded without comment. *Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996) (citations omitted).

To discount the testimony of lay witnesses, an ALJ must give reasons that are germane to each witness. *Stout*, 454 F.3d at 1053; *see also Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)

8 - OPINION AND ORDER

(lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so" (citations omitted)).

The lay witness completed a questionnaire describing plaintiff's limitations. Tr. 72-83. She noted, in part, that plaintiff loses focus and gets anxious, distracted, or sidetracked, cannot walk as far as her mailbox, has low energy, cannot stand up for very long, cannot sit on hard chairs, rarely feels well enough to clean, and suffers from depression. Tr. 79-82.

The Findings and Recommendation quoted the ALJ's analysis of this testimony:

> Van De Water reported that the claimant visits friends and family, and does some shopping. She has fatigue and reduced energy, and has trouble walking. The claimant also had some memory loss (Exhibit 4E). There is no evidence of significant memory deficit in the file, but the balance of Ms. Van De Water's testimony is given a fair amount of weight to the extent that it is consistent with the medical record discussed above.

Findings and Recommendation at 13-14 (quoting Tr. 17).

The Findings and Recommendation acknowledged that the ALJ "correctly noted that the record shows no evidence of significant memory impairment," "appropriately rejected Van De Water's assertion that [plaintiff] has a memory impairment," and "otherwise noted Van De Water's observations and did not explicitly reject her statements." Findings and Recommendation at 14. The Findings and Recommendation repeated that the ALJ gave Van De Water's testimony "a fair amount of weight," and then concluded that the testimony did not establish disability as a matter of law. *Id*. (quoting Tr. 17). This is insufficient.

When an ALJ errs by failing to properly discuss competent lay testimony favorable to the claimant, a reviewing court cannot consider the error harmless "unless it can confidently

9 - OPINION AND ORDER

conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Stout*, 454 F.3d at 1053. In this case, the court cannot so conclude. The lay testimony at issue includes descriptions from plaintiff's daughter regarding plaintiff's fatigue, her need for extensive rest, and the manifestations of her health limitations. Accordingly, for this and the other reasons addressed within this Opinion and Order, a remand is appropriate in this matter.

Following remand, the ALJ shall consider the lay testimony presented and, in accordance with controlling Ninth Circuit law, shall either take the testimony into account or expressly determine to disregard the testimony. If the testimony is disregarded, the ALJ must provide reasons that are germane to the witness for doing so. *Lewis*, 236 F.3d at 511 (citations omitted).

7.  Employability

Plaintiff's final objection relates to the Findings and Recommendation's error, addressed above, regarding plaintiff's evidence that she is unable to work at least two days per month. In light of the analysis already provided, this objection is sustained to the extent that following remand, the parties shall more thoroughly develop the record as to whether plaintiff is compelled to miss multiple days of work per month, and if these absences preclude her employment.

8.  Remand

The statute granting this court jurisdiction to review administrative decisions in Social Security benefits cases permits two kinds of remands. 42 U.S.C. § 405(g). Specifically, the fourth and sixth sentences of Section 405(g) set forth the exclusive methods by which district courts may remand an action to the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); *see also Melkonyan v. Sullivan*, 501 U.S. 89, 99-100 (1991).

Sentence four provides that the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing" and is "essentially a determination that the agency erred in some respect in reaching a decision to deny benefits." *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) (quoting 42 U.S.C. § 405(g) and citing *Jackson v. Chater*, 99 F.3d 1086, 1095 (11th Cir. 1996)).

Conversely, remands ordered pursuant to sentence six of Section 405(g) "may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Akopyan*, 296 F.3d at 854-55 (citing *Schaefer*, 509 U.S. at 297 n.2). Unlike sentence four remands, sentence six remands do not constitute final judgments. *Id*.

The issues presented in this action compel a remand under sentence four. Whether to remand under sentence four for an award of benefits, or for further proceedings, is a matter of judicial discretion. *Harman v. Apfel*, 211 F.3d 1172, 1177 (9th Cir. 2000).

A decision to remand for further proceedings is appropriate when such proceedings are likely to be useful. *Harman*, 211 F.3d at 1179. In this matter, this court concludes that outstanding issues remain that must be resolved before a determination of disability can be made. Further proceedings will be useful, and I exercise the discretion of the court to remand this case for additional administrative proceedings.

Specifically, pursuant to this remand, plaintiff and Commissioner shall develop the record regarding the extent of plaintiff's impairments. Upon remand, the ALJ is instructed to obtain

updated medical records concerning plaintiff. The ALJ shall also provide plaintiff an opportunity to submit additional medical evidence in support of her alleged impairments.

Additionally, the ALJ shall address and ascertain plaintiff's functional limitations and her assessments in accordance with all applicable administrative and legal standards. The ALJ shall address and give full consideration to all lay witness testimony submitted in support of plaintiff's request for benefits. Plaintiff shall be permitted to be represented by counsel, present witnesses and evidence, and to refer to and submit into the record all testimony and evidence that has been presented already on her behalf.

The ALJ shall also elicit and assess plaintiff's testimony, and provide adequate explanations establishing that her testimony and all lay witness testimony was considered in accordance with applicable standards and laws, and fully evaluated in the assessment of plaintiff's possible eligibility for benefits.

## **CONCLUSION**

The Magistrate Judge's Findings and Recommendation [16] is adopted in part as addressed above. Plaintiff Daphne Singingtree's objections [17] are sustained in part and overruled in part. This court concludes that the decision of the Commissioner must be REVERSED and REMANDED FOR FURTHER PROCEEDINGS consistent with this Opinion and Order and the parameters provided herein.

IT IS SO ORDERED.

Dated this __17__ day of October, 2007.

                                       /s/ Ancer L. Haggerty
                                             Ancer L. Haggerty
                                   United States District Judge